FILED
OCT 16 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA M. RAVE,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION,<br>a Mutual Legal Reserve Company, d/b/a<br>BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | Case No. 17-4146<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff Christina M. Rave (hereinafter "Rave") and for her complaint against Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business as, Blue Cross Blue Shield of Illinois, states and alleges as follows:

### PARTIES

1. Rave is a South Dakota resident and citizen residing in Dell Rapids, Minnehaha County, South Dakota.

2. Health Care Service Corporation, a Mutual Legal Reserve Company, is an Illinois mutual legal reserve insurance company with its principal place of business in Chicago, Cook County, Illinois.

3. Defendant operates as a licensee of Blue Cross and Blue Shield and does business as Blue Cross Blue Shield of Illinois.

### JURISDICTION AND VENUE

4. This court has jurisdiction over this cause under 28 U.S.C. §1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the actions giving rise to the claim occurred in this District.

6. Pursuant to 28 U.S.C. § 2201, Rave asks this Court to enter a declaratory judgment finding that Rave has no obligation pursuant to the underlying contract between the parties hereto to reimburse the Defendant for any claims paid by the Defendant on the facts states herein.

## FACTS

7. At all times pertinent hereto, Rave was insured by a health insurance policy issued by her employer, CCC Information Services, Inc., (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

8. Defendant acts as the administrator of the Policy.

9. Rave is the mother of Mallory Krempges, a minor.

10. Rave is the mother of Madelyn Krempges, a minor.

11. Rave is the mother of Mariana Krempges, who died on July 14, 2015.

12. At all times pertinent hereto, Rave and Mallory, Madelyn and Mariana Krempges, were insured under the Policy.

13. On or about July 13, 2015, Mallory, Madelyn and Mariana Krempges were passengers in an automobile driven by Josh Krempges.

14. Josh Krempges failed to yield the right of way at a controlled intersection in rural Moody County, South Dakota.

15. As a result of Josh Krempges' failure to yield, the automobile in which Mallory, Madelyn and Mariana Krempges were passengers collided with an automobile which had the right of way (the "Accident").

16. As a result of the Accident, Mallory, Madelyn and Mariana Krempges all suffered injuries.

17. On July 14, 2015, Mariana Krempges died as a result of injuries received in the Accident.

18. Josh Krempges died as a result of the Accident.

19. The automobile driven by Josh Krempges in the Accident was not insured.

20. Josh Krempges is the ex-husband of Rave.

21. Josh Krempges is the father of Mallory, Madelyn and Mariana Krempges.

22. As a result of injuries suffered by Mallory, Madelyn and Mariana Krempges in the Accident, the Defendant paid $103,669.91 in claims under the Policy for Madelyn Krempges, $34,391.41 in claims under the Policy for Mallory Krempges, and $74,870.04 in claims under the Policy for Mariana Krempges.

23. All claims paid by the Defendant were for medical treatment of Mallory, Madelyn and Mariana Krempges.

24. Rave's own automobile insurance policy has conditionally offered payment of the policy limits to Rave from the uninsured provision of Rave's policy for Rave's damages from the Accident.

25. Rave's own automobile policy provides that it "will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible."

26. The Defendant seeks reimbursement from Rave pursuant to the Policy in the sum of $212,931.36 for the claims paid for Mallory, Madelyn and Mariana Krempges.

27. The Policy contains a provision regarding reimbursement; page 108 of the Policy provides as follows:

### REIMBURSEMENT PROVISION

If you or one of your covered dependents incur expenses for sickness or injury that occurred due to negligence of a third party and benefits are provided for Covered Services described in this benefit booklet, you agree:

    a. the Claim Administrator has the rights to reimbursement for all benefits the Claim Administrator provided from any and all damages collected from the third party for those same expenses whether by action at law, settlement, or compromise, by you or your legal representative as a result of sickness or injury, in the amount of the total Eligible Charge or Provider's Claim Charge for Covered Services for which the Claim Administrator has provided benefits to you, reduced by any Average Discount Percentage ("ADP") applicable to your Claim or Claims.

    b. the Claim Administrator is assigned the right to recover from the third party, or his or her insurer, to the extent of the benefits the Claim Administrator provided for that sickness or injury.

The Claim Administrator shall have the right to first reimbursement out of all funds you, your covered dependents or your legal representative, are or were able to obtain for the same expenses for which the Claim Administrator has provided benefits as a result of that sickness or injury.

You are required to furnish any information or assistance or provide any documents that the Claim Administrator may reasonably require in order to obtain our rights under this provision. This provision applies whether or not the third party admits liability. (See provisions of this benefit booklet regarding "Claim Administrator's Separate Financial Arrangements with Providers.")

28. Rave has requested the Defendant release or waive any claim to reimbursement from proceeds which would be received from Rave's own automobile insurance policy.

29. Defendant has refused to release or waive any claim to reimbursement from proceeds which would be received from Rave's own automobile insurance policy.

4

30. There is a current dispute as to interpretation of the Policy as it relates to reimbursement.

## GROUNDS FOR DECLARATORY JUDGMENT

31. Rave incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. The Policy specifically details when the Defendant is entitled to reimbursement for claims paid under the Policy.

33. In relation to reimbursement, the Policy defines "third party" as the person whose negligence caused the Defendant to pay claims for expenses for sickness or injury incurred by Rave or Mallory, Madelyn and Mariana Krempges.

34. The Policy provides that the Defendant has a right to reimbursement for "any and all damages collected from the third party for those same expenses."

35. To the extent Rave receives payment from Rave's own automobile policy, such payment is not "damages collected from the third party" as those terms are used and defined in the Policy.

36. To the extent Rave receives payment from Rave's own automobile policy, such payment is not for the "same expenses for which the Claim Administrator has provided benefits as a result of that sickness or injury" as those terms are used and defined in the Policy.

37. To the extent Rave receives payment from Rave's own automobile policy, there is no provision under the Policy which would require Rave to reimburse the Defendant for the claims the Defendant paid.

38. The Policy only requires reimbursement, if and when, Rave would recover any sums from the negligent third party which caused the claims, in this case, Josh Krempges.

5

WHEREFORE, for the forgoing reasons, Christina Rave respectfully requests that this Court make a binding declaration of judgment upon the parties, declaring that under the reimbursement provision of the Policy, that payment to Rave from her own automobile insurance policy is not a payment from the third party as set forth in the Policy, together with such additional relief that this Court deems proper and just.

Dated: October  16  2017.

                                             BRENDE & MEADORS, LLP

                                             BY_____
                                               Robert L. Meadors
                                             110 N. Phillips Avenue
                                             PO Box 1024
                                             Sioux Falls, SD 57101-1024
                                             605/333-0070
                                             605/333-0121 (fax)
                                             rlm@bsmllp.com
                                               *Attorneys for Plaintiff*